(No. 4085—■■■■■■

SOPHIA TIEMAN, ET AL., Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1948.*

CHARLES E. BINKERT, Attorney for Claimant.

GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

BERGSTROM, J.

Sophia Tieman filed her complaint in this cause as the executor of the last will and testament of Leon W. Tieman, deceased.

It is alleged that at the time of his death on December 3, 1947, and prior thereto, Dr. Tieman was employed as a resident dentist at the Illinois Soldiers' and Sailors' Home, Quincy, Illinois. It is further alleged that at the time of his death Dr. Tieman had earned and was entitled to twelve days vacation pay at the rate of $365.00 per month, less maintenance, or the sum of $121.94.

The claimant further states that she presented her claim, as executor, to the superintendent of the Illinois Soldiers' and Sailors' Home, but that her claim was denied. She further says that, as the executor of the estate of Leon W. Tieman, she is entitled to the aforesaid sum of $121.94 for services rendered by the said Leon W. Tieman.

This now comes before the Court on a motion to dismiss of respondent, by the Attorney General.

Claimant undoubtedly bases her claim on Paragraph 22, Chapter 127, of the Illinois Revised Statutes, 1947, which says: "Each employee in the several departments

shall be entitled during each calendar year to fourteen days. leave of absence with full pay. * * * * *''

We assume from the record, that the decedent, Dr. Tieman, was paid in full for all his service rendered up to, and prior to, his death, and received his pay warrants for such services. This Court has repeatedly held that where warrants are drawn and cashed for personal services rendered to the State of Illinois, the same constitutes full payment for all services rendered between the dates specified, and no additional payments for such services can be made. *Mills* v. *State,* 9 C.C.R. 69; *Gholson* v. *State,* 12 C.C.R. 26; *Klapman* v. *State,* 13 C.C.R. 139; *Angsten* v. *State,* 13 C.C.R. 8; *Hollender* v. *State,* 14 C.C.R. 40; *Willms* v. *State,* 14 C.C.R. 46; *Shields, et al.* v. *State,* 14 C.C.R. 136. In so holding, we have followed the clear intent of Article IV, Section 19, of the Constitution of Illinois, 1870, which reads:

"The General Assembly shall never grant or authorize extra compensation, fee or allowance to any public officer, agent, servant or contractor, after service has been rendered or a contract made, nor authorize the payment of any claim, or part thereof, hereafter created against the State under any agreement or contract made without express authority of law; and all such unauthorized agreements or contracts shall be null and void; *Provided,* the General Assembly may make appropriations for expenditures incurred in suppressing insurrection or repelling invasion."

Paragraph 145, Subsection 3, of Chapter 127 of the Illinois Revised Statutes 1947, reads:

"(3) Amounts paid from appropriations for personal services of any officer or employee of the State, either temporary or regular, shall be considered as full payment for all services rendered between the dates specified in the payroll or other voucher and no additional sum shall be paid to such officer or employee from any lump sum appropriation, appropriation for extra help or other purpose or any accumulated balances on specific appropriations, which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made."

The theory behind claimant's claim, apparently, is that decedent had rendered services to the State and was entitled to this vacation and, not having taken it, should be compensated instead. To this we cannot agree. If he was paid in full for the time he was employed and then paid again for part of this time, it would be in the nature of additional salary or wages expressly prohibited by the Constitution and by Subsection 3, Paragraph 145, *supra*.

The Civil Administrative Code, in providing for annual leave, does not make it mandatory that such leave shall be taken, but merely provides a right which an employee may exercise or not at his discretion. This right or privilege is extinguished when his employment ceases by death or otherwise. Similar claims were denied by this Court in the case of *Lewis* v. *State,* 10 C.C.R. 136; *Tripp* v. *State,* 10 C.C.R. 137; and *Emling* v. *State,* 10 C.C.R. 196, where the Court said, on page 198:

"Conceding for the moment, that the commission had authority to give vacations with pay, under authority of the foregoing statute and rule, claimant would still not be entitled to double pay for any portion of time for which she was actually in service, or entitled to any additional pay after her services to the State were terminated, even though she had failed to obtain a vacation which she might have requested."

For the reasons stated, the motion of the Attorney General to dismiss, is granted, and the claim is hereby dismissed.